HARRIS, J.
This Petition for Writ of Prohibition stems from an earlier hearing on petitioner’s request for injunction for protection against her former husband based on his alleged assault on an occasion when he picked up the child for visitation. After entering a temporary injunction without notice, the court set a hearing to determine whether it should be made permanent. The former husband defended denying that the assault took place and urging that the former wife made the allegation merely to counter his on-going petition to change custody based on his former wife’s problem with substance abuse.
The court reaffirmed its injunction, although for a limited period of time, because it found that an “unconsensual touching” took place even though the wife didn’t consider it serious until the former husband sought to change custody. But, even though there was no request before it to do so, the court ordered the former wife to undergo substance abuse testing and to submit to such treatment that might be required. The former wife appealed this order and the appeal is winding its way through this court.
The former wife moved the trial court for a stay of its order requiring testing pending the appeal but the court instead ordered that she show cause within 20 days why she should not be held in contempt for failing to submit to testing. It is the consequence of this order that the former wife now seeks to prohibit.
Perhaps the former wife’s better remedy would have been to seek review of the denial of her motion to stay under the provisions of Fla. R.App. P. 9.810(f), but, in any event, we agree that she is entitled to relief and order a stay of the requirement for the substance abuse testing and treatment until the appeal is resolved.
STAY of proceedings granted.
SHARP, W., and PALMER, JJ., concur.